LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| HAMIDUR RAHMAN, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>                                  Plaintiff,<br><br>-against-<br><br>LIMANI 51, LLC,<br>     d/b/a LIMANI,<br>ESTIATORIO LIMANI LLC<br>     d/b/a LIMANI,<br>CHRISTOS SPYROPOULOS, and<br>JOHN ALCIVIADES,<br><br>                                  Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

---

**COMPLAINT**

Plaintiff HAMIDUR RAHMAN ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, as and for his Complaint against Defendants LIMANI 51, LLC d/b/a LIMANI, and ESTIATORIO LIMANI LLC d/b/a LIMANI (collectively "Corporate Defendants") and CHRISTOS SPYROPOULOS, and JOHN ALCIVIADES (the "Individual Defendants," and together with Corporate Defendants, "Defendants"), states as follows:

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§201 *et. seq*. ("FLSA"), that he is entitled to recover from Defendants: (1) compensation for improperly deducted meal credits, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages due to invalid tip credit, (2) compensation for improperly deducted meal credits, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

3. Plaintiff furthers allege that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiffs are entitled to recover from Defendants for discrimination on the basis of race and national origin: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages and (5) attorneys' fees and costs.

4. Plaintiff furthers allege that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiffs are entitled to recover from Defendants for discrimination on the basis of race and national origin: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages and (5) attorneys' fees and costs.

## JURISDICTION, AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. At all times relevant herein, Plaintiff was and is a resident of the State of New York, Queens County.

8. Defendants own and operate two restaurants under the trade name "Limani" at

the following locations:

      a.  45 Rockefeller Plaza, New York, NY 10111 ("Limani 51");

      b.  1043 Northern Boulevard, Roslyn, NY 11576 ("Limani Roslyn") (collectively, the "Restaurants").

Defendants operate the Restaurants as a single integrated enterprise, under the control of Individual Defendants CHRISTOS SPYROPOULOS, and JOHN ALCIVIADES. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose. Defendants' Restaurants are advertised jointly on their website: https://www.limani.com/. Each of the Restaurants share a common look and feel, use the same logos, and serve similar menu items. The Restaurants share the "LIMANI" trademark and employees at both locations wear uniforms and use equipment bearing the same trade name and logo. Defendants provide the same terms of employment to employees at both locations

9.    At all times relevant herein, Corporate Defendant LIMANI 51, LLC d/b/a LIMANI, was and is a domestic limited liabiltiy company duly organized under and existing by virtue of the laws of the State of New York, with a service of process address located at c/o LIMANI 51, LLC 10 Hickory Drive, Old Brookville, NY 11545, and having its principal place of business at 45 Rockefeller Plaza, New York, NY 10111.

10.    At all times relevant herein, Corporate Defendant ESTIATORIO LIMANI LLC d/b/a LIMANI, was and is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York, with a service of process address and principal place of business at 1043 Northern Boulevard, Roslyn, NY, 11576

11.    Individual Defendant CHRISTOS SPYROPOULOS is a owner/partner of Corporate Defendants. Individual Defendant CHRISTOS SPYROPOULOS exercised control over

the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant CHRISTOS SPYROPOULOS had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs, and Class members. At all times, employees could complain to Individual Defendant CHRISTOS SPYROPOULOS regarding any of the terms of their employment, and Individual Defendant CHRISTOS SPYROPOULOS would have the authority to effect any changes to the quality and terms of their employment. Individual Defendant CHRISTOS SPYROPOULOS ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant CHRISTOS SPYROPOULOS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

12. Individual Defendant JOHN ALCIVIADES is a owner/partner of Corporate Defendants. Individual Defendant JOHN ALCIVIADES exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant JOHN ALCIVIADES had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs, and Class members. At all times, employees could complain to Individual Defendant JOHN ALCIVIADES regarding any of the terms of their employment, and Individual Defendant JOHN ALCIVIADES would have the authority to effect any changes to the quality and terms of their employment. Individual Defendant JOHN ALCIVIADES ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. Individual

Defendant JOHN ALCIVIADES had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

13. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

15. At all relevant times, Defendants employed at least eleven (11) employees as defined under the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff HAMIDUR RAHMAN brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to servers, bussers, bartenders, food runners) employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them compensation for the invalid meal credit deductions. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their

names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff HAMIDUR RAHMAN bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to servers, bussers, bartenders, food runners) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants (i) failing to pay proper wages due to an invalid tip credit; (ii) improperly deducting

meal credits from employees' wages; and (iii) failing to provide proper wage notices that were in compliance with the requirements under the NYLL.

23. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff sustained similar losses, injuries, and damages as other Class members, wth such injuries and damages arising from the same unlawful policies, practices, and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants improperly deducted meal credits;

e) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

f) Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

g) Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

h) Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

i) Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law.

## STATEMENT OF FACTS

28. In or around April 17, 2017, Plaintiff HAMIDUR RAHMAN was hired by Defendants as a server at Defendants' restaurant LIMANI, located at 45 Rockefeller Plaza, New York, NY 10111. Plaintiff's employment was constructively terminated in or around September 8, 2019.

29. Throughout his employment, Plaintiff HAMIDUR RAHMAN's schedule varied week by week, but he typically worked three 10.5 hour shifts Monday through Friday, and then two additional shifts of 4.5 or 6.5 hours, for an average total of five (5) days and approximately 40.5 to 44.5 hours per week.

30. Throughout his employment with Defendants, Plaintiff HAMIDUR RAHMAN was paid the tip-credit minimum minimum wage for a food service worker of a large employer in

the City of New York..

31. Throughout Plaintiff HAMIDUR RAHMAN's employment, Defendants also automatically deducted a meal credit from employees' wages for each shift they worked, without regard to whether their employees actually consumed the credited meal. Plaintiff never ate at the Restaurant but still had meal credits deducted from his wages. Similarly, Class members had a meal credit deducted from their wages whether they actually consumed the credited meals or not.

32. While employed by Defendants, Plaintiff HAMIDUR RAHMAN did not receive a proper wage notice upon hiring, or upon changes in the information in the notice thereafter. Similarly, Class members never received wage and hour notices.

33. Plaintiff HAMIDUR RAHMAN and Class Members were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff and Class Members, Defendants were not entitled to claim any tip credit allowance under NYLL because Defendants (i) failed to accurately track daily tips earned or maintain records thereof, and (ii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL.

34. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage notices, at the beginning of employment and annually thereafter, as required by the NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

36. During Plaintiff's emplyoment by Defendants, Defendants permitted managerial employees to discriminate against Plaintiff.

37. Plaintiff, who is of Bangladeshi ethnicity and descent, worked as a waiter at

Defendants' Greek and Mediterranean restaurant. Like the other servers at the Restaurant (and indeed many servers in the New York area and elsewhere), the majority of Plaintiff's income came from tips, which were allocated to him and other tipped employees through the Restaurant's tip pool pursuant to a points system.

38. Throughout his employment with Defendants, Plaintiff was the only member of the waitstaff who was not white and of Albanian or other Mediterranean descent.

39. Shortly after his employment, Plaintiff began to notice that he was treated differently than the other members of the waitstaff. For the first three months of his employment, he was allocated fewer points in the tip pool than the other waiters. Plaintiff was told that this was because he was a new hire, but he watched newly-hired white waiters get allocated more points than him within a week or two of their hire.

40. Plaintiff also noticed that he was always given the closing shift. The closing shift requires additional work (cleaning, putting up chairs, etc.) after the Restaurant closes, which means more work and fewer tips. The white waiters at the Restaurant were not given the closing shift nearly as often as Plaintiff.

41. Finally, despite working at the Restaurant for nearly two years, Plaintiff was never promoted to captain. Captains are allocated more points in the tip pool than other waiters, a difference of as much as $100 per shift. Other (white and Mediterranean) waiters regularly received better assignments and were promoted ahead of him without regard to seniority or performance.

42. Plaintiff was told throughout his employment that promotion to captain was based upon seniority. During his employment with Defendants, Plaintiff watched white waiters who had more seniority than him be promoted to captains, and eagerly awaited his turn. But Plaintiff never

received the promotion. Plaintiff subsequently saw white waiters who had less seniority than him be promoted to captain.

43. Other employees at the Restaurant subsequently told Plaintiff that he was not promoted to captain because he was not white enough.

44. Plaintiff repeatedly complained to the managers and owners of the Restaurant about his disparate treatment, including new white waiters getting promoted ahead of him. But the discriminatory conduct continued unaddressed.

45. On or around September 8, 2019, after watching less-senior white waiters repeatedly get promoted to captain ahead of him and frustrated by management and ownership's inaction in response to his complaints, Plaintiff quit his employment at the Restaurant. This resignation constituted a constructive termination by Defendants.

46. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiffs reallege and reaver Paragraphs 1 through 46 of this Class and Collective Action Complaint as if fully set forth herein.

48. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

50. At all relevant times, the Defendants had gross annual revenues in excess of $500,000.

51. At all relevant times, Defendants had a policy and practice of improperly deducting meal credits from Plaintiffs and FLSA Collective regardless of whether they consumed the meals in question.

52. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid meal credits, plus an equal amount as liquidated damages.

56. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

57. Plaintiff realleges and reavers Paragraphs 1 through 56 of this Class and Collective Action Complaint as if fully set forth herein

58. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

59. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them wages in the lawful amount for all hours worked due to an invalid tip credit.

60. Defendants willfully violated Plaintiff and Class members' rights by deducting a meal credit from the wages of Plaintiff and other Class members for meals which were not provided or not consumed by Plaintiff and Class members, in violation of the NYLL.

61. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the NYLL.

62. Due to the Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants' unpaid wages due to an invalid tip credit, compensation for improperly deducted meal credits, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

63. Plaintiff realleges and reavers Paragraphs 1 through 62 of this Class and Collective Action Complaint as if fully set forth herein.

64. The New York State Human Rights Law ("NYSHRL") prohibits discrimination in

the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of race and national origin.

65. Plaintiff is an employee and qualified persons within the meaning of NYSHRL and Defendants are covered employers under the NYSHRL.

66. Defendants operated a business that discriminated against Plaintiffs in violation of the NYSHRL by discriminating against Plaintiff in violation of Section 296(1)(a) with respect to the terms, conditions, and privileges of his employment because of his race and national origin in ways including specifically but without limitation:

    a. Paying him less than similarly-situated white waiters;

    b. Giving him less-desirable shifts than similarly-situated white waiters;

    c. Denying him a promotion to which he otherwise would have been entitled; and

    d. Constructively terminating him.

67. Defendants were on notice of the discriminatory conduct and took no action to resolve it. Specifically, Plaintiff complained to management about being assigned worse shifts and less-senior white waiters being promoted ahead of him, but these activities continued.

68. Plaintiff's constructive termination after his complaints constituted further discrimination and retaliation in violation of Section 296(7) of the NYSHRL.

69. Individual Defendants CHRISTOS SPYROPOULOS, and JOHN ALCIVIADES had control over the terms and conditions of Plaintiff's employment and as such aided, abetted, incited, compelled, and/or coerced the discrimination described herein in violation of Section 296(6) of the NYSHRL.

70. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiffs' protected rights under Section 296 of the NYSHRL.

71.     As a result of Defendants' unlawful discriminatory practices, Plaintiffs sustained injury, including economic damages and past and future physical and emotional distress.

72.     Due to Defendants' violations under the NYSHRL, based on discrimination on the basis of race and national origin, Plaintiff is entitled to recover from Defendants: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages and (5) attorneys fees' and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

73.     Plaintiff realleges and reavers Paragraphs 1 through 72 of this Class and Collective Action Complaint as if fully set forth herein.

74.     The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of race and national origin.

75.     Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiffs are employees and qualified persons within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL.

76.     Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by discriminating against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his race and national origin in ways including specifically but without limitation:

   a. Paying him less than similarly-situated white waiters;
   b. Giving him less-desirable shifts than similarly-situated white waiters;
   c. Denying him a promotion to which he otherwise would have been entitled; and
   d. Constructively terminating him.

77. Defendants were on notice of the discriminatory conduct and took no action to resolve it. Specifically, Plaintiff complained to management about being assigned worse shifts and less-senior white waiters being promoted ahead of him, but these activities continued.

78. Plaintiff's constructive termination after his complaints constituted further discrimination and retaliation in violation of Section 8-107(7) of the NYCHRL.

79. Individual Defendants CHRISTOS SPYROPOULOS, and JOHN ALCIVIADES had control over the terms and conditions of Plaintiff's employment and as such aided, abetted, incited, compelled, and/or coerced the discrimination described herein in violation of Section 8-107(6) of the NYCHRL.

80. The discrimination described herein occurred with malice and reckless disregard of Plaintiff's rights under the NYCHRL.

81. As a result of Defendants' unlawful employment practice, Plaintiffs sustained injury, including economic damages, past and future physical and emotional distress and the costs of bringing this action.

82. Due to Defendants' violations under the NYCHRL, as amended, based on discrimination on the basis of race and national origin, Plaintiffs are entitled to recover from Defendants: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages, and (5) attorneys' fees and costs

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a. Compensatory damages in an amount to be determined at trial, including unpaid minimum, regular, and overtime wages, compensation for emotional distress and pain

    and suffering, and all other damages to which Plaintiff is entitled;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL and NYCHRL;

c. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages due under the NYLL due to Defendants' policy of claiming an invalid tip credit;

e. An award of improperly deducted meal credits under the FLSA and the NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to an invalid tip credit pursuant to the NYLL;

h. An award of back pay, compensatory damages and punitive damages due under the NYSHRL;

i. An award of back pay, compensatory damages and punitive damages due under the NYCHRL;

j. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 20, 2020
New York, New York

          LEE LITIGATION GROUP, PLLC
          C.K. Lee, Esq. (CL 4086)
          Anne Seelig, Esq. (AS 3976)
          148 West 24th Street, 8th Floor
          New York, NY 10011
          Tel.: 212-465-1188
          Fax: 212-465-1181
          *Attorney for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:     */s/ C.K. Lee*
        C.K. Lee, Esq.